UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Action No. 1:15-cr-10343-IT |
| | * | |
| JOHN BARBOSA, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

March 25, 2022

TALWANI, D.J.

Pending before the court is Defendant John Barbosa's Motion for Compassionate Release [Doc. No. 112]. For the following reasons, the motion is DENIED.

## I.     Legal Standard

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" Dillon v. United States, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Under 18 U.S.C. § 3582(c)(1)(A), however, a district court is authorized to grant a motion for compassionate release under certain circumstances.

Until 2018, only the director of the Bureau of Prisons ("BOP") was authorized to file such a motion on a defendant's behalf. See 18 U.S.C. § 3582(c)(1)(A) (2017) (authorizing the court to grant a sentence reduction "[u]pon motion of the Director of the Bureau of Prisons"). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended section 3582(c)(1)(A) to allow a defendant to file such a motion directly, after submitting a request to the warden of the facility that was denied or not responded to within thirty days. 18 U.S.C. § 3582(c)(1)(A).

The statute requires further that the court find "extraordinary and compelling reasons" for a sentence reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. The Sentencing Commission, however, has been without a voting quorum for more than three years— nearly the entire period since the First Step Act became law—and has not amended its policy statement[1] to reflect the statutory change allowing defendants to file such motions. See United States v. Ruvalcaba, 26 F.4th 14, 20 (1st Cir. 2022). Given those circumstance, the First Circuit recently concluded that "a district court is not constrained by the existing policy statement on compassionate release when adjudicating a motion brought by a prisoner." Id. at 21. This does not mean, however, that the court's discretion is unlimited; rather, the court's "discretion remains circumscribed by statutory standards, which obligate [it] to find a reason that is both 'extraordinary and compelling.'" Id. at 23. "[M]oreover, the current policy statement—though not 'applicable'—nonetheless may serve as a non-binding reference." Id.

**II.   Discussion**

Barbosa is serving a fifteen-year sentence—the minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)—for his conviction of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Judgment [Doc. No. 96]; Indictment [Doc. No. 1]. He seeks immediate release under 18 U.S.C. § 3582(c)(1)(A)(i) on the ground that "extraordinary and compelling reasons" warrant that

---

[1] That policy statement provides four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances; or (D) "[a]s determined by the Director of the Bureau of Prisons, . . . an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 cmt. n.1.

reduction. Specifically, he seeks release based on the "unjust severity" of his mandatory minimum sentence, his vulnerability to reinfection with COVID-19 based on his medical conditions, and his substantial rehabilitation during his incarceration. Using the current Sentencing Commission policy statement as a guide, the court considers whether any of these reasons may be considered "extraordinary and compelling" and, if so, whether Barbosa has made a sufficient showing to warrant a sentence reduction.

Two criteria considered in the policy statement—the age of the defendant and the defendant's family circumstances—are not at issue here. The third, regarding the medical condition of the defendant, lists as factors for consideration whether the defendant "is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or whether the defendant is "(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process" and those conditions or impairments "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A). Although Barbosa contends that, because of his medical conditions, COVID-19 poses a severe risk to him, he does not contend that his medical conditions meet the requirements of the policy statement. Barbosa has additionally declined to be vaccinated against COVID-19. "Courts have recognized—without apparent exception—that a defendant's refusal to be vaccinated substantially diminishes any argument for release premised on the risk posed by COVID-19." United States v. Piles, 2021 WL 1198019, at *3 (D.D.C. 2021) (collecting cases). Although Barbosa may certainly make his own health care decisions, his choice not to get

3

vaccinated undercuts his argument that the pandemic poses an "extraordinary and compelling" circumstance warranting his release.

Nor has Barbosa established any other "extraordinary and compelling reasons" warranting relief. Although the court recognized at the time of Barbosa's sentencing that his sentence enhancement under the ACCA resulted in an unduly long sentence, the court also noted that it was required by law to impose that sentence. And if Barbosa were sentenced today, the court would similarly be required to impose a fifteen-year mandatory minimum sentence. This is unlike cases in which courts have concluded that a nonretroactive change to a mandatory sentencing scheme can constitute an extraordinary and compelling reason to grant compassionate release because of the disparity between the sentence the defendant received and the one he would receive if sentenced today. See, e.g., Ruvalcaba, 26 F.4th at 24-26. In addition, while Barbosa's efforts to rehabilitate himself are commendable, Congress has specifically directed the Sentencing Commission in promulgating policy statements under section 3582(c)(1)(A) that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction. 28 U.S.C. § 994(t). The court accordingly concludes that Barbosa has not met his burden of establishing "extraordinary and compelling reasons" warranting a sentence reduction under § 3582(c)(1)(A)(i).

### III. Conclusion

For the forgoing reasons, Barbosa's Motion for Compassionate Release [Doc. No. 112] is DENIED.

IT IS SO ORDERED.

March 25, 2022                                  /s/ Indira Talwani
                                                United States District Judge