UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *  Criminal Action No. 1:15-cr-10343-IT |
| | * |
| JOHN A. BARBOSA, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

October 13, 2023

TALWANI, D.J.

Defendant John A. Barbosa ("Barbosa"), proceeding pro se, brings a Petition for Writ of Habeas Corpus ("Petition") [Doc. No. 127] pursuant to 28 U.S.C. § 2255. Barbosa alleges that his previous counsel provided ineffective assistance by failing to argue that two of his prior Massachusetts drug convictions were erroneously considered predicate offenses under the Armed Career Criminal Act ("ACCA"), thereby subjecting him to an enhanced sentence as an armed career criminal. Barbosa seeks immediate release, either through vacatur or correction of his sentence. Barbosa also asks the court for appointment of counsel in connection with his Petition. Letter Requesting Counsel [Doc. No. 129]. For the reasons set forth below, Barbosa's Petition [Doc. No. 127] and request for counsel are DENIED.

I.   Background

   A.   *Barbosa's Conviction and Sentence*

On November 12, 2015, Barbosa was indicted on one count of Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). Indictment [Doc. No. 1]. After the court denied several pretrial motions, the government and Barbosa filed a joint motion requesting that the court accept Barbosa's conditional plea of guilty pursuant to Federal Rule of

1

Criminal Procedure 11(a)(2) and reserving Barbosa's right to appeal two earlier court orders. Joint Mot. [Doc. No. 84]. The court accepted Barbosa's conditional guilty plea. Transcript of Proceedings 16 [Doc. No. 105].

At sentencing, the court determined that Barbosa was an armed career criminal under the ACCA.[1] The court arrived at this determination after concluding that three of Barbosa's prior convictions– (i) Possession of a Class B Controlled Substance with Intent to Distribute, (ii) Possession with Intent to Distribute Cocaine, and (iii) Assault with a Dangerous Weapon–were predicate offenses. Statement of Reasons [Doc. No. 98]. The court sentenced Barbosa to fifteen years in prison and two years of supervised release. Elec. Clerk's Notes [Doc. No. 96]; Judgment [Doc. No. 97]. Barbosa appealed the court's pretrial orders as well as the ACCA sentencing decision to the First Circuit Court of Appeals, which affirmed Barbosa's conviction and sentence on July 16, 2018. Op. of USCA [Doc. No. 107]; Judg. of USCA [Doc. No. 108].[2] Barbosa's petition for certiorari to the United States Supreme Court was denied on November 19, 2018. Order of Sup. Ct. [Doc. No. 111]. Barbosa is currently incarcerated in Federal Medical Center Devens in Ayer, MA. Petition [Doc. No. 127].

B.   *Barbosa's Petition*

Barbosa's Petition [Doc. No. 127] was docketed almost four years later, on October 27, 2022. Barbosa alleges ineffective assistance of counsel at sentencing for (1) failing to investigate

---

[1] The ACCA sets mandatory minimum sentences for individuals who are convicted under 18 U.S.C. § 922(g) and have three prior federal or state convictions for "violent felonies" or "serious drug offenses." 18 U.S.C. § 924(e). These individuals are considered "armed career criminals" under the Act and subject to enhanced sentencing as such.

[2] The First Circuit also noted that although this court had found that a fourth conviction identified in the Presentence Report—for armed assault with intent to murder ("AAIM")—did not qualify as an ACCA predicate-offense conviction, a later decision by the First Circuit had found that AAIM does constitute a violent felony under the ACCA. Op. of USCA 7 n.2 [Doc. Nos. 107] (citing United States v. Edwards, 857 F.3d 420, 427 (1st Cir. 2017).

or explain the law and facts, and failing to challenge his prior state convictions, resulting in an unlawful application of an ACCA sentencing enhancement; (2) failing to object to the presentence report; (3) failing to object at sentencing; and (4) failing to appeal all prior convictions. More specifically, Barbosa argues that his previous counsel failed to challenge two of Barbosa's state drug convictions as predicate offenses under the ACCA. Petition [Doc. No. 127]. Barbosa seeks immediate release, either through vacatur or correction of his sentence. Id.

The United States opposes the Petition as time barred. Govt's Resp. to Def.'s Mot. for Reconsideration and Mot. Pursuant to 28 U.S.C. § 2255 ("Answer") [Doc No. 130].

## II.     Relevant Law

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his or her sentence. Relief may be granted on the grounds that (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). In seeking to collaterally attack a conviction, the burden is on the petitioner to show entitlement to relief, David v. United States, 134 F.3d 470, 474 (1st Cir. 1998), including any entitlement to an evidentiary hearing, Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001). See also Rules 4 and 8 of the Rules Governing Section 2255 Proceedings.

A motion that is filed pro se must be construed more leniently than one drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). But the motion must nevertheless comply with the procedural and substantive requirements of the law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

28 U.S.C. § 2255(f) provides a one-year statute of limitations for petitioners to file habeas corpus petitions. This one-year limit may be calculated in four different ways: the limitation period shall run from the latest of – (1) the date on which the judgement of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

### III.  Discussion

Barbosa states that the "one-year statute of limitations does not apply because this is a newly decided issue of law." Petition 12 [Doc. No. 127]. In response, the government argues that Barbosa's motion should be denied as untimely where (i) it was filed more than one year after his conviction became final and (ii) the Supreme Court has not recognized a new right which would extend the statute of limitations beyond one year. Answer 4 [Doc. No. 130]. Although Barbosa has not specifically identified a subsection under which he may proceed, the court concludes that all avenues are foreclosed.

First, Barbosa cannot proceed under § 2255(f)(1) where his Petition was filed more than one year from the date his judgement of conviction became final. For petitioners like Barbosa who have pursued direct review to the Supreme Court, a conviction is considered "final" when the Court "affirms a conviction on the merits or denies a petition for certiorari." Gonzalez v.

Thaler, 565 U.S. 134, 150 (2012). Thus, Barbosa's conviction was final on November 19, 2018, when the Supreme Court denied his petition for certiorari. See Order of Sup. Ct. [Doc. No. 111].

Second, Barbosa has not asserted that the government imposed any impediment to filing his motion, thus § 2255(f)(2) would also not apply.

Third, although Barbosa points to a "newly decided issue of law," § 2255(f)(3) is inapplicable where the case law he offers does not originate from the Supreme Court. Barbosa attached a letter from his prior counsel alerting him to the existence of three new cases: United States v. Abdulaziz, 998 F.3d 519 (1st Cir. 2021); United States v. Rise, 17-cr-10146 (D. Mass. Oct. 3, 2022); and United States v. Bain, 2022 WL 4494036 (D. Mass. Jan. 14, 2022). Petition [Doc. No. 127-1]. Barbosa asserts that these three cases undermine the court's determination that Barbosa's prior drug-related state convictions trigger enhanced sentencing under ACCA. But none of these decisions are decisions of the United States Supreme Court.

Finally, Barbosa has offered no evidence to invoke § 2255(f)(4). To successfully argue that § 2255(f)(4) applies, Barbosa would have had to present new "evidentiary facts or events, and not court rulings or legal consequences of fact." See Holmes v. Spencer, 685 F.3d 51, 59 (1st Cir. 2012) (rejecting petitioner's challenge to plea bargain because the challenged advice provided by prior counsel were legal consequences of facts, not facts themselves); Collado v. United States, 2013 WL 3943522, at *2 n.1 (D. Mass. July 29, 2013) (citing Ramos-Martinez v. United States, 638 F.3d 315, 321-322 (1st Cir. 2011) and Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) (holding that courts construe "the statutes of limitations of § 2254 and § 2255 [petitions] similarly given 'the compelling textual similarity and congruent purpose that section 2244(d) and 2255(f) share and the common heritage of both provisions as part of the same

statutory framework.'"). "[D]iscovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)." Barreto-Barreto v. United States, 551 F.3d 95, 99 (2008).

Whether Barbosa's previous counsel should have argued that his prior convictions were not predicate offenses is a legal, as opposed to factual, question and thus does not constitute new evidentiary facts under § 2255(f)(4). See United States v. Aguilar-Alvarez, 2015 WL 8082369, at *5 (D. Mass. Dec. 7, 2015).

Accordingly, Barbosa has not established that his Petition [Doc. No. 127] is timely.

### IV. Letter to Appoint Counsel

Following his petition, Barbosa filed a letter motion requesting the court appoint counsel, accompanied by his prison account balance reflecting his indigence. Letter Requesting Counsel [Doc. No. 129]. The court denies the request.

Pursuant to 18 U.S.C. § 3006A(a)(2)(B), the court may order "representation . . . be provided for any financially eligible person who is seeking relief under section 2241, 2254, or 2255 of title 28" where "the court determines that the interests of justice so require." In determining whether the interests of justice require the appointment of counsel, the court must examine the totality of the circumstances, focusing on whether the petitioner has presented a colorable claim, the intricacy of the legal issues, the complexity of any factual issues, and the petitioner's ability to represent himself. See United States v. Guadalupe-Quinones, 65 Fed. App'x 329, 333 (1st Cir. 2003).

Where Barbosa has not shown his Petition [Doc. No. 127] is timely, the court determines that appointment of counsel would not be appropriate under 18 U.S.C. § 30006A(a)(2)(B).

## V. Conclusion

For the foregoing reasons, Barbosa's Petition [Doc. No. 127] and request for appointment of counsel [Doc. No. 129] are DENIED.

IT IS SO ORDERED

October 13, 2023                                       /s/ Indira Talwani
                                                       United States District Judge